IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, )<br>)<br>               Plaintiff, )<br>)<br>v. )<br>)<br>Ofc. Kirkland, )<br>)<br>              Defendant. )<br>_____ ) | C/A No. 0:14-3241-RMG-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Anthony L. Mann, a self represented state prisoner, filed this action against the defendant pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Mann of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 16.) Mann filed a response in opposition to the motion (ECF No. 20) and the defendant replied (ECF No. 22). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be denied.

**BACKGROUND**

Mann alleges that, when Defendant Kirkland "came through the 'supermax' section of the Special Management Unit (SMU) to pick up the empty lunch trays" on October 18, 2013, Mann began asking about the use of a law computer. (Compl. at 3, ECF No. 1 at 3.) Mann claims that he walked toward the cell door when Defendant Kirkland arrived to collect his tray and "had every intention of giving Ofc. Kirkland [the] lunch tray, and even tried to do so." (Id.) However,

Defendant Kirkland allegedly became angry at Mann for inquiring about the use of a law computer and accidentally knocked "the lunch tray from where it rested in the feeding slot of the inner bar door" onto "the floor area in between the inner bar door and the outer solid door." (Id. at 3-4.) Mann claims that Defendant Kirkland became further "enraged" and "reached through the feeding slot of the outer cell door with a can of chemical munitions . . . and starting spraying [Mann] in his face and upper body, which was bare." (Id. at 4.) Mann asserts that Defendant Kirkland "then slammed the flap shut and locked it . . . . [leaving Mann] to burn from chemical's sprayed on his face and bare skin." (Id.) Mann alleges that, despite having a shower in his cell, "he was not decontaminated in any form." (Id.) Mann further claims that he sought medical attention, but was not seen by a nurse. (Id.)

## DISCUSSION

**A.     Applicable Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).



The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. at 555-56). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The defendant moves for dismissal on the ground that Mann's Complaint contains "implausible conclusions," which are unsupported by sufficient factual allegations to state a claim upon which relief may be granted. (Def.'s Mem. Supp. Mot. to Dismiss at 4, ECF No. 15-1 at 4.) The defendant claims that Mann admits involvement "in a verbal altercation with Defendant Kirkland" and admits "non-compliance with directives to return his food tray." (Id. at 5.) The defendant further asserts that Mann "could have avoided being sprayed in his face and upper body by moving his body away from the door, closing the flap, or by moving within his cell to avoid the

spray of chemical munitions." (Id. at 6.)  The defendant also points to Mann's admission that his cell contained a shower.  (Id.).

In his response in opposition, Mann asserts that the Complaint contains no admission of "any kind of non-compliance with directives to return his food tray."  (Pl.'s Resp. Opp'n at 4, ECF No. 20 at 4.)  Mann further indicates that he could not avoid being sprayed with the chemical munitions due to the size of his cell and inability to open or close the door's food flap.  (Id. at 5.)  Mann again admits to having a shower in his cell, but alleges that it is only operational when "turned on by those in power, and from the outside of the cell."[1]  (Id. at 6.)  Mann claims that Defendant Kirkland did not turn the shower on to allow an opportunity for decontamination.  (Id.)  Mann alleges that the Complaint "clearly states a cause of action upon which relief may be granted."  (Id.)

Viewing the facts in the light most favorable to Mann, he indicates a verbal dispute with Defendant Kirkland shortly before the alleged discharge of chemical munitions.  However, Mann does not admit non-compliance with Defendant Kirkland's directive to return the food tray.  Instead, Mann asserts that the feeding tray "rested in the feeding slot of the inner bar door" when inadvertently knocked to the floor by Defendant Kirkland.  Moreover, Mann's allegation that Defendant Kirkland "slammed the flap shut [and] locked it" after discharging the chemical munitions, suggests that Mann lacked control of the opening through which the chemical munitions were administered.  Further, Mann's claim that he was not decontaminated despite having access to a shower calls into question whether the shower was operational at the time of the incident.  Mann

---

[1] The defendant's reply notes that such facts were not presented in the Complaint, which only indicated that Mann had a shower in his cell, "but was nevertheless not decontaminated." (Def.'s Reply at 5, ECF No. 22 at 5.)



also alleges the denial of medical attention after being sprayed with chemical munitions and the defendant's motion does not appear to specifically address the alleged denial of medical care.

A plaintiff must do more than make conclusory statements to state a claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678-79.  As argued by the defendant, Mann's claim that Defendant Kirkland's actions "were not for the purpose of maintaining or restoring discipline in any way but maliciously and sadistically and for the sole purpose of inflicting pain and arbitrary, unwarranted punishment" constitutes such a conclusory allegation.  (Compl. at 4, ECF No. 1 at 4.)  However, as noted above, the Complaint contains other specific factual allegations to support Mann's claim that Defendant Kirkland used excessive force and was deliberately indifferent to Mann's medical needs in violation of the Eighth Amendment.  Accordingly, the court finds that Mann presents "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion (ECF No. 15) be denied.

March 18, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).