IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Anthony L. Mann, ) | |
| ) | No: 0:14-cv-3241-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Officer Kirkland, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge. (Dkt. No. 30.) For the reasons set forth below, the Court agrees with and ADOPTS the R&R as the order of the Court.

## I. BACKGROUND

Plaintiff brings this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. For the purposes of this motion to dismiss, the Court assumes the facts alleged in the Complaint are true, construes the facts in Plaintiff's favor and draws all inferences in Plaintiff's favor. Plaintiff is a state inmate at Lee Correctional Institution. (Dkt. No. 1 at 2.) He asserts claims of excessive force and deliberate indifference to medical needs under the Eighth Amendment. (*Id.*) Plaintiff's claims arise from events that occurred on October 18, 2013. On that date, after the noon meal was served, Defendant came through the "Supermax" section of the Special Management Unit to pick up the empty lunch trays. (*Id.* at 3.) When Defendant went to retrieve Plaintiff's tray "from where it rested in the feeding slot of the inner bar door" of Plaintiff's cell, Plaintiff asked Defendant when the "law computer" would be available. (*Id.*) Plaintiff and Defendant then exchanged heated words. (*Id.*) During this exchange, Plaintiff "accidentally knocked the tray to the floor area in between the inner bar door and the outer solid door." (*Id.* at

1

3–4.) Plaintiff alleges that Defendant then yelled an obscenity at him, "reached through the feeding slot of the outer cell door with a can of chemical munitions in his hand, and started spraying Plaintiff in his face and upper body." (*Id.* at 4.) According to Plaintiff, he was bare at the time because he did not have on his jumpsuit. (*Id.*) Plaintiff further alleges that Defendant then "slammed the flap shut [and] locked it," leaving Plaintiff "to burn from chemicals sprayed on his face and bare skin." (*Id.*) Plaintiff claims that "despite [] having a shower in his cell, he was not decontaminated in any form, nor was his cell." (*Id.*) Following this incident, Plaintiff alleges that he sought medical attention, but was not seen by a nurse. (*Id.*) He seeks compensatory and punitive damages. (*Id.* at 5.)

Defendant moved for dismissal on October 2, 2014. (Dkt. No. 15.) Plaintiff then filed a response opposing the motion. (Dkt. No. 20.) The Magistrate Judge recommended denying Defendant's motion, finding that the Complaint contained "specific factual allegations" to support Plaintiff's claims. (Dkt. No. 30 at 5.) Defendant filed a timely written objection to the Magistrate Judge's R&R. (Dkt. No. 32.)

## II. LEGAL STANDARDS

### A.    Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to

"assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Pro se* complaints are construed liberally to allow the development of meritorious claims and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view *pro se* complaints does not transform the court into an advocate.").

### B.    Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270–71 (1976). This Court is charged with making

3

a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### III. DISCUSSION

The Court agrees with the Magistrate Judge's finding that dismissal is not appropriate because the Complaint plausibly alleges that Defendant used excessive force in retrieving Plaintiff's tray and was deliberately indifferent to Plaintiff's medical needs. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations as summarized herein plausibly suggest nontrivial force was applied by Defendant maliciously and sadistically to cause harm. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) ("The 'core judicial inquiry' of whether a complaint states an excessive force claim under the Eighth Amendment is 'whether [the] force was nontrivial and was applied . . . maliciously and sadistically to cause harm.'" (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992))). The allegations also support a finding that Defendant knew of, and disregarded, Plaintiff's serious medical condition. *See Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) ("A prison official demonstrates deliberate indifference if he 'knows of and disregards an excessive

4

risk to inmate health or safety.'" (quoting *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003))).

Contrary to Defendant's assertion, the Magistrate Judge did not rely on facts alleged outside of the Complaint to make her recommendation. (*See* Dkt. No. 32 at 2–3.) Rather, the Magistrate Judge merely summarized the parties' arguments as stated in their briefs before she discussed the allegations set forth in the Complaint. (Dkt. No. 30 at 3–5.)

In addition, Defendant's objection "to the [R&R's] interpretation of the statements pled by Plaintiff in his Complaint" is without merit. (Dkt. No. 32 at 4.) In recounting Plaintiff's allegations, the Magistrate Judge wrote that Defendant accidentally knocked the tray to the floor. (Dkt. No. 30 at 4.) While the handwritten Complaint is not the model of clarity, the Court, like the Defendant, reads the allegations to state that *Plaintiff* accidentally knocked over the tray. (Dkt. No. 1 at 3–4.) Regardless, the Court finds this misnomer to be a scrivener's error—it has no effect on whether the Complaint sets forth a cognizable claim for excessive force.

Accordingly, dismissal is not appropriate on these grounds.

## IV. CONCLUSION

For the reasons set forth above, the Court agrees with and **ADOPTS** the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 30.) Accordingly, Defendant's Motion to Dismiss (Dkt. No. 15) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 8, 2015
Charleston, South Carolina